IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  99-cv-02227-DBS-OES

ROBERT NOLAN,

       Plaintiff,

vs.

ANGEL MEDINA,

       Defendant.

ORDER ENFORCING DEFENDANT'S
VERSION OF SETTLEMENT AGREEMENT

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated: June 23, 2005

      The parties have filed a Stipulated Motion to Enforce Settlement.  They agree that they have reached a settlement on all essential terms, including a cash amount to be paid to plaintiff from state funds.  However, the parties disagree on whether the settlement agreement should contain paragraphs 6 and 7.  Paragraphs 6 and 7 state that in the event plaintiff owes a debt or obligation to any agency of the State of Colorado, the controller may withhold 20 percent of any payment to be credited against the debt or obligation.

      Defendants argue that the law requires the controller to withhold 20 percent of any funds to be distributed, and defendants are powerless to distribute funds to plaintiff in any other manner.  Plaintiff admits that the law requires the controller to withhold 20 percent from the settlement funds in this case, but plaintiff argues that the settlement agreement itself should not contain a clause to that effect.  In plaintiff's view, the withholding of 20 percent from the settlement amount was not discussed by the parties at the settlement conference, and inclusion of such a clause at this stage is improper.

## DISCUSSION

I agree with the arguments of defendants. Whether paragraphs 6 and 7 are included in the agreement or not, 20 percent will be withheld from the disbursement to be made to plaintiff. The withholding of 20 percent is required by law, not by the agreement. In effect, paragraphs 6 and 7 add nothing to the parties agreement. They merely state the law, and state what must occur in order for plaintiff to receive his funds.

If I ruled in favor of plaintiff, and directed the removal of paragraphs 6 and 7, I would be accomplishing absolutely nothing. If the paragraphs accomplish nothing else, they at least reflect that both sides of this lawsuit are aware that the funds issued to plaintiff will represent the amount of the settlement less 20 percent.

## CONCLUSION

It is therefore ORDERED as follows:

1. The parties' Stipulated Motion to Enforce Settlement [filed June 3, 2005] is GRANTED IN FAVOR OF DEFENDANTS, and the parties are ordered to comply with the settlement agreement as it is reflected in the draft prepared and tendered by defendants.

2. The parties shall file a stipulation for dismissal of this case within 30 days.

Dated at Denver this day of June 23, 2005

BY THE COURT:

S/O. Edward Schlatter

_____
O. Edward Schlatter
U.S. Magistrate Judge